UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL PANTOJA,

                      Petitioner,

             - *against* -

NEW YORK STATE DIVISION AND BOARD OF PAROLE,

                      Respondent.

11 Civ. 9709 (CS)(PED)

**REPORT AND RECOMMENDATION**

TO:    THE HONORABLE CATHY SEIBEL
        UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

By his *pro se* petition, Rafael Pantoja ("Petitioner") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.[1] On March 14, 2008, by way of guilty plea, Petitioner was convicted of grand larceny in the first and second degrees and sentenced to two, concurrent terms of four and one-half to nine years imprisonment (Hubert, J.). This matter comes before me pursuant to an Order of Reference dated March 7, 2012. (Dkt. 45.) For the reasons set forth below, I respectfully recommend that the petition be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Petitioner initiated this action *pro se*, filing the petition, an amended petition, and an extensive reply memorandum on his own behalf. The *habeas corpus* action was fully submitted as of June 19, 2012.

    On December 2, 2012, however, counsel filed a notice of appearance on Petitioner's behalf. On December 10, 2012, I granted incoming counsel's request for an extension of time, until December 30, 2012, to submit a reply brief in connection with Petitioner's *pro se* motion seeking reconsideration of an order dated October 2, 2012, denying Petitioner's letter application for an order vacating a temporary order of protection filed against him by local authorities in the Town of Harrison, New York. (I have denied the motion for reconsideration by separate order.) However, counsel did not submit a reply brief nor has counsel filed any other papers on Petitioner's behalf.

## II. BACKGROUND[2]

### A. The Crimes

On or about August 20, 2004, Petitioner completed a loan application with Banco Popular in which he falsely represented that he was an attorney and in which he used a social security number that was not his own. Petitioner obtained a mortgage in the amount of $1,186,250.00 with this application. The mortgage was underwritten by PHH Mortgage Corp. ("PHH") and secured by property located at 764 Lake Street, West Harrison, New York. The mortgage was recorded with the Westchester County Clerk's Office on January 11, 2005. On May 4, 2006, the mortgage was assigned to JP Morgan Chase Bank and this assignment was recorded on July 17, 2006.

On or about January 25, 2005, Petitioner submitted a letter to Countrywide Home Loans, Inc. ("Countrywide") which falsely purported to be prepared by his accountant. The letter falsely stated that Petitioner was an attorney and that his company was in good financial standing. It also provided a social security number that was not Petitioner's. As a result of this information, Petitioner obtained a home equity loan from Countrywide in the amount of $600,000.00. The loan was secured by a mortgage on the property located at 764 Lake Street, West Harrison, New York. The mortgage was recorded on June 23, 2005.

### B. The Complaints and Indictment

---

[2] Except where specifically indicated, this synopsis is taken from a review of Respondent's Affidavit in Opposition to the Petition ("Resp't Aff.") (Dkt. 50), Respondent's Affirmation in Opposition to Petitioner's § 440.10 Mot. ("Resp't's § 440.10 Affirm.") (attached to Resp't's Mem. of Law & Exs. ("Resp't's Mem."), at Ex. 13 (Dkt. 51)), and Respondent's Memorandum of Law. All exhibits cited herein are attached to Respondent's Memorandum. (Dkt. 51).

On February 13, 2007, two felony complaints were filed in Westchester County against Petitioner. One charged him with grand larceny in the first degree and alleged that he stole $1,186,250.00 from Banco Popular. The other charged him with grand larceny in the second degree and alleged that he stole $600,000.00 from Countrywide. A fourteen-count indictment was thereafter filed. Among other charges, Petitioner was indicted on one count of grand larceny in the first degree for stealing $1,186,250.00 from PHH, and one count of grand larceny in the second degree for stealing $600,000.00 from Countrywide.[3]

## C. The Trial, Guilty Plea, and Sentencing

Among other things, the evidence introduced at trial established that PHH was not identified on any mortgage or assignment that had been recorded in the Westchester County Clerk's Office for the property located at 764 Lake Street, West Harrison, New York. (See Tr., at 370-72.) An employee of PHH also testified that PHH and Banco Popular worked together to approve and service loans, and that PHH was the entity that actually lent Petitioner the $1,186,250.00 loan secured by the mortgage. (See id. at 571-80.)

On February 6, 2008, on the third day of Petitioner's trial, Petitioner accepted a plea bargain and pled guilty, in full satisfaction of the indictment, to grand larceny in the first and

---

[3] Respondent acknowledges that it changed the name of the victim of the first-degree grand larceny count from Banco Popular to PHH. With respect to this change, Respondent states:

> After the filing of the Felony Complaints, [Respondent] spoke at length with representatives of [PHH] and came to understand that the relationship between Banco Popular and PHH was such that PHH was the actual lender and the party to whom the petitioner owed the 1.1 million dollars. Thereafter, it was established before the Grand Jury that PHH was the party who suffered the loss.

(Resp't's Aff., at 2.) Respondent also notes that it "was not aware of any criminal proceedings pending against Banco Popular at the time petitioner's case was pending." (Id.)

second degrees for the incidents involving Banco Popular/PHH and Countrywide.[4] During his plea, Petitioner stated that he understood, *inter alia*, that by withdrawing his plea of not guilty and by entering pleas of guilty, he would receive two concurrent sentences, as a second felony offender, of four and one-half to nine years imprisonment, (id. at 613-14, 627-28); that civil restitution judgments would be entered that, as a condition of his plea bargain, he agreed not to contest, (id. at 613-14); and that he waived his right to appeal pretrial and trial related matters, (id. at 614-15, 628). He also stated that he was pleading guilty freely and voluntarily, that no one had threatened or coerced him into pleading guilty, and that he was pleading guilty because he was in fact guilty. (Id. at 617.)

Petitioner then stated that he understood he was pleading guilty to a class B felony for which the maximum sentence was twelve and one-half to twenty-five years imprisonment, as well as a class C felony for which the maximum sentence was seven and one-half to fifteen years imprisonment. (Id. at 617-19.) With respect to restitution, he specifically stated he understood that as a condition of his plea bargain, he waived his right to contest the amount of restitution ordered, that an order of $1,186,250.00 would be entered in favor of PHH, and that should the bank proceed with foreclosure in order to satisfy the judgment, Petitioner would be entitled to seek any surplus from the foreclosure sale via a surplus action. (Id. at 619-20, 623-24; see also id. at 621-23 (discussing foreclosure proceedings).) Petitioner also specifically stated he

---

[4] "A person is guilty of grand larceny in the first degree when he steals property and when the value of the property exceeds one million dollars. Grand larceny in the first degree is a class B felony." N.Y. Penal Law § 155.42. "A person is guilty of grand larceny in the second degree when he steals property and when . . . [t]he value of the property exceeds fifty thousand dollars . . . . Grand larceny in the second degree is a class C felony." Id. § 155.40(1).

4

understood that as a condition of his plea bargain, an order of restitution in favor of Countrywide would be entered in the amount of $600,000.00. (Id. at 624.) Petitioner then agreed:

> [T]hat [he] did steal property from PHH Mortgage Corporation, specifically mortgage proceeds secured by property situated at 764 Lake Street, West Harrison, New York, having an aggregate value of $1,186,250.00, and that [he] did so by filling out a loan application in which [he] provide[d] a false Social Security and stated that [he was] an attorney at law when in fact [he was] not.

(Id. at 630-31.) He also agreed that he stole "property from Countrywide Mortgage, specifically mortgage proceeds secured by property situated at 764 Lake Street, West Harrison, New York, having a value of $600,000.00," and that he did so "by filling out a loan application in which [he] placed a false Social Security number and indicated that [he was] an attorney at law when [he] in fact [was] not." (Id.)

Petitioner did not move to withdraw his guilty plea. On March 14, 2008, he was sentenced, as a second felony offender and in accordance with the terms of his plea bargain, to concurrent terms of four and one-half to nine years imprisonment on both counts.[5] Restitution judgments were also entered as described above.

## D.    **Direct Appeal**

---

[5] On October 20, 1995, Petitioner was convicted in New York County, upon pleas of guilty, to grand larceny in the second degree, attempted grand larceny in the second degree, and grand larceny in the third degree. He was sentenced to four to twelve years imprisonment. (See Resp't's Mem., at 2; Resp't's § 440.10 Affirm., at 2 n.3.) On December 8, 1995, Petitioner was also convicted in New York County of attempted assault in the second degree and sentenced to one and one-third to four years imprisonment. (See Resp't's § 440.10 Affirm., at 2 n.3.) He was disbarred from the practice of law on February 8, 1996. (See id. at 2.) On January 17, 2002, Petitioner pled guilty to criminal trespass in the third degree and was sentenced to one year conditional discharge and ordered to pay $10,000.00 restitution. (See Resp't's Mem., at 2.) On February 17, 2010–two years after being sentenced in the instant matter–Petitioner pled guilty in the Eastern District of New York to two counts of bank and wire fraud conspiracy. (See id. at 4.)

Petitioner filed a notice of appeal and the Second Department granted his request to proceed as a poor person and assigned him appellate counsel. Counsel thereafter filed an Anders brief attesting that there were no non-frivolous issues to raise on appeal.[6] Petitioner was granted leave to file a supplemental *pro se* brief, which argued:

(1) The trial court lacked subject matter jurisdiction over the first-degree grand larceny count of the indictment because PHH was not listed on documents that were recorded with the Westchester County Clerk's Office, (see Suppl. Br. for Def.-Appellant, at 7-22 (Ex. 3)); and

(2) The trial court erred by failing to inform Petitioner of the applicable statutory minimum sentences, (see id. at 23-26).

The Second Department affirmed the conviction on August 2, 2011 after determining "that there are no nonfrivolous issues which could be raised on appeal," and that Petitioner "has not raised, nor could he have raised, any nonfrivolous issues in his pro se supplemental brief." People v. Pantoja, 927 N.Y.S. 2d 789, 789-90 (App. Div. 2011).[7] The New York Court of Appeals denied leave to appeal on March 30, 2012. People v. Pantoja, 18 N.Y.3d 961 (2012). Petitioner did not seek a writ of *certiorari* from the United States Supreme Court. (Am. Pet. ¶ 10(g) (Dkt. 40).)

E.  **The § 440.10 Motion to Vacate the Judgment of Conviction**

By application dated June 15, 2009, Petitioner moved to vacate the judgment of his conviction pursuant to N.Y. Crim. Proc. Law § 440.10(1) on the ground that the State had introduced fraudulent documents into evidence at trial, and that this had induced him into

---

[6] Anders v. California, 386 U.S. 738 (1967).

[7] The Second Department denied Petitioner's request to file a supplemental *pro se* reply brief. (Exs. 5, 7.)

pleading guilty.[8] Specifically, Petitioner argued that an assignment of mortgage document was fraudulently filed in the Westchester County Clerk's Office and used against him at trial in order to permit PHH and others to obtain a restitution judgment against him. He also argued that the Westchester County District Attorney's Office was aware of the fraudulent nature of the document at the time they prosecuted Petitioner, and that this knowledge amounted to a Brady violation.[9] Finally, he argued that his attorney was ineffective for failing to use this or other impeachment evidence at trial. (See Ex. 12.) On February 18, 2010, the trial court denied Petitioner's motion on the merits as well as pursuant to state procedural rules. (See Ex. 17.) Petitioner did not seek leave from the Second Department to appeal this decision.

### F. The First § 440.20 Motion to Set Aside the Sentence

Before the trial court decided Petitioner's first § 440.10 motion, Petitioner also moved, by application dated September 2, 2009, to set aside his sentence relating to the first-degree grand larceny conviction pursuant to N.Y. Crim. Proc. Law § 440.20.[10] Specifically, he argued that the court misled him by implying "that the PHH restitution money judgment entered in this case would satisfy any ensuing foreclosure judgment." (Ex. 14 ¶ 6.) On February 18, 2010, the court denied the motion on the merits. (See Ex. 17, at 6-7.) Petitioner did not seek leave from the Second Department to appeal this decision.

---

[8] "At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment . . . ." N.Y. Crim. Proc. Law § 440.10(1).

[9] Brady v. Maryland, 373 U.S. 83 (1963).

[10] "At any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law. . . ." N.Y. Crim. Proc. Law § 440.20(1).

### G. The Second § 440.20 Motion to Set Aside the Sentence

By application dated September 2, 2009, Petitioner filed a second motion to set aside that part of his sentence that pertained to the first-degree grand larceny count involving PHH pursuant to N.Y. Crim. Proc. Law § 440.20.[11] Petitioner raised the same arguments in this motion as he did in his first § 440.20 motion. (See Ex. 18.) On January 3, 2011, the trial court denied the motion pursuant to a state procedural rule.[12] (Ex. 20.) The Second Department denied leave to appeal this decision on July 1, 2011. (Ex. 23.)

### H. The Instant Federal Civil Action

By application dated April 6, 2011, Petitioner filed an action in the Eastern District of New York seeking declaratory relief as well as a federal writ of *habeas corpus*. (Dkt. 1.) On December 21, 2011, the court dismissed Petitioner's claims except to the extent that he sought relief from his 2008 Westchester County conviction pursuant to 28 U.S.C. § 2254. (Dkt. 37.) The *habeas* claim was then transferred to the Southern District of New York. (Dkt. 38.)

---

[11] Respondent states it was not served with a copy of this second motion until August 25, 2010. (Resp't's Aff., at 9.)

[12] Specifically, the court denied the motion pursuant to N.Y. Crim. Proc. Law § 440.20(3), which provides:

> Notwithstanding the provisions of subdivision one, the court may deny such a motion when the ground or issue raised thereupon was previously determined on the merits upon a prior motion or proceeding in a court of this state, other than an appeal from the judgment, or upon a prior motion or proceeding in a federal court, unless since the time of such determination there has been a retroactively effective change in the law controlling such issue. Despite such determination, however, the court in the interest of justice and for good cause shown, may in its discretion grant the motion if it is otherwise meritorious.

N.Y. Crim. Proc. Law § 440.20(3); (see Ex. 20, at 2-3).

By Order dated January 13, 2012, Petitioner was ordered to file an amended petition that specifically set forth the constitutional bases of his claims and which described his efforts to exhaust those claims. (Dkt. 39.) Petitioner's amended petition, dated January 31, 2012, enumerates five separate but substantially overlapping grounds for *habeas* relief. (Dkt. 40.) All five *habeas* claims center on his contention that, at the time of his trial, the prosecution knew that Banco Popular was being criminally investigated for banking violations and deliberately manipulated the mortgage fraud charges against him in order to avoid disclosing the confidential Banco Popular investigation. Petitioner claims, *inter alia*, that the prosecution's actions deprived him of a fair trial and due process, constituted a Brady violation, and rendered his guilty plea invalid. (See id.; see also generally Reply Mem. of Law of Pet'r Rafael Manuel Pantoja in Supp. of Writ of Habeas Corpus (28 U.S.C. 2254) ("Pet'r's Reply") (Dkt. 52).)

Respondent contends that the claims raised in the amended petition are unexhausted and argues that this Court should exercise its discretion pursuant to 28 U.S.C. § 2254(b)(2) to deny the claims as plainly meritless. (See Resp't's Mem., 5-11.) As set forth below, I agree with Respondent that Petitioner's claims are unexhausted. For this reason, I respectfully recommend that the Court dismiss the petition without prejudice.

### III. DISCUSSION

**A.    Applicable Law on *Habeas Corpus* Review**

"Habeas review is an extraordinary remedy . . . ." Bousley v. United States, 523 U.S. 614, 621 (1998). Before a federal district court may review the merits of a state criminal judgment in a *habeas corpus* action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254. Among other things, the applicable statute prohibits a federal court from granting *habeas* relief unless

9

the petitioner has first exhausted his claims in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); id. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). This exhaustion requirement promotes interests in comity and federalism by demanding that state courts have the first opportunity to decide a petitioner's claim. Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

To exhaust a federal claim, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim," and thus "giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). "Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, a habeas petition must put state courts on notice that they are to decide federal constitutional claims." Petrucelli v. Coombe, 735 F.2d 684, 687 (2d Cir. 1984) (citing Smith v. Phillips, 455 U.S. 209, 221 (1982)). Such notice requires that the petitioner "apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005). A claim may be "fairly presented" to the

state courts therefore, even if the petitioner has not cited "chapter and verse of the Constitution," in one of several ways:

> (a) [R]eliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 194 (2d Cir. 1982). A *habeas* petitioner who fails to meet a state's requirements to exhaust a claim will be barred from asserting that claim in federal court.

However, "'[f]or exhaustion purposes, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (quoting Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991)). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." Grey, 933 F.2d at 120. Such a procedurally barred claim may be deemed exhausted by a federal *habeas* court. See, e.g., Reyes, 118 F.3d at 139. However, absent a showing of either "'cause' for the [procedural] default and 'prejudice attributable thereto,'" Harris v. Reed, 489 U.S. 255, 262 (1989) (quoting Murray v. Carrier, 477 U.S. 478, 485 (1986)), or "actual innocence," Schlup v. Delo, 513 U.S. 298, 315 (1995), the petitioner's claim will remain unreviewable by a federal court.

Finally, notwithstanding the procedure described above, a federal court may yet exercise its discretion to review and deny a mixed petition containing both exhausted and unexhausted claims, if those unexhausted claims are "plainly meritless." Rhines v. Weber, 544 U.S. 269, 277 (2005); see § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the

11

merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); see also, e.g., Padilla v. Keane, 331 F. Supp. 2d 209, 216 (S.D.N.Y. 2004) (interests in judicial economy warrant the dismissal of meritless, unexhausted claims).

**B.     Application**

It is clear that Petitioner has failed to exhaust each of the claims raised in his *habeas* petition because he has not presented them "in each appropriate state court (including a state court with powers of discretionary review)." Baldwin, 541 U.S. at 29. Although Petitioner has fully exhausted the claims raised on direct appeal and in his second § 440.20 motion, those claims do not concern the issues raised in the instant *habeas* petition.

Petitioner's fully exhausted claims are: (1) those claims raised in his supplemental appellate brief regarding (a) the trial court's subject-matter jurisdiction, and (b) Petitioner's knowledge of the statutory minimum sentences; and (2) the claim raised in his second § 440.20 motion seeking to set aside the first-degree grand larceny sentence due to the court's statements regarding any ensuing foreclosure proceeding.

In this petition, Petitioner essentially alleges that at the time of his trial, the prosecution knew that Banco Popular–the entity Petitioner initially submitted his falsified loan application to–was being criminally investigated for banking law violations. Petitioner also alleges that the prosecution intentionally conspired to name PHH as the owner of the mortgage in order to keep secret the information concerning Banco Popular's pending criminal investigation. Petitioner contends that the prosecution's actions, *inter alia*, deprived him of a fair trial and due process, constituted a Brady violation, and rendered his guilty plea unknowingly and involuntarily entered. (See generally Pet'r's Reply.)

12

It is clear that the factual premise of each of Petitioner's *habeas* claims–the alleged concealment of criminal activity by Banco Popular–was not presented to any state court. See Galdamez, 394 F.3d at 73. Because Petitioner's claim are based on alleged facts which are *dehors* the record, Petitioner may still pursue his claims through a collateral motion in state court. See N.Y. Crim. Proc. Law § 440.10(1) (motion to vacate judgment may be made "[a]t any time"). Meanwhile, however, Petitioner's *habeas* claims are plainly unexhausted.

However, I do not agree with Respondent insofar as Respondent argues that this Court should retain jurisdiction over the completely unexhausted petition, address the merits, and deny the petition as plainly meritless. It is clear that "there is no basis to retain jurisdiction over a petition that contains only unexhausted claims." Shomo v. Maher, No. 04 Civ. 4194(KMK), 2005 WL 743156, at *7 n.12 (S.D.N.Y. Mar. 31, 2005). Moreover, because this case does not involve a "mixed" petition containing at least one exhausted claim, see Rhines, 544 U.S. at 275-78, this Court may not stay the proceedings to give the petitioner an opportunity to exhaust his unexhausted claims.[13] Such an approach "would turn federal courts into a 'jurisdictional parking lot' for unexhausted claims and undermine the comity interests promoted by the exhaustion requirement." Shomo, 2005 WL 743156, at *7 n.12 (quoting Baity v. McCary, No. 02 Civ. 1817(LAP)(AJP), 2002 WL 31433293, at *2 (S.D.N.Y. Oct. 31, 2002)).

---

[13] When confronted with a "mixed petition" containing both exhausted and unexhausted claims, a federal court has the following options: (1) it may stay the proceedings and hold the petition in abeyance in order to permit the petitioner to return to state court and exhaust the unexhausted claims; (2) it may dismiss without prejudice the entire petition; (3) it may permit the petitioner to amend the petition and excise any unexhausted claims; or (4) it may review each claim and dismiss the petition if it is plainly meritless. See Rhines, 544 U.S. at 277-78; see also 28 U.S.C. § 2254(b)(2); Zarvela v. Artuz, 254 F.3d 374, 378-82 (2d Cir. 2001); Reyes v. Morrissey, No. 07 Civ. 2539(LAP)(DF), 2010 WL 2034531, at *9 (S.D.N.Y. Apr. 21, 2010) (Report & Recommendation), adopted by 2010 WL 2034527 (S.D.N.Y. May 19, 2010).

The appropriate disposition of this case is therefore dismissal without prejudice. See id.; see also, e.g., Diguglielmo v. Sankowski, 42 F. App'x 492 (2d Cir. 2002) (dismissing *habeas* petition without prejudice where petitioner failed to exhaust any claim); Cain v. Hunt, No. 07 Civ. 5919(KMK)(PED), 2010 WL 8367771, at *5 (S.D.N.Y. Nov. 10, 2010) (Report & Recommendation), adopted by 2012 WL 340117 (S.D.N.Y. Feb. 2, 2012) (recommending same); Kalu v. New York, No. 08 Civ. 4984 (NGG), 2009 WL 7063100, at *5 (E.D.N.Y. Sept. 15, 2009) (collecting cases and holding that "the stay-and[-]abeyance procedure described in Rhines is not available" "where, as here, the petition is not mixed, and contains only unexhausted claims"); Brown v. Superintendent of Fishkill Corr. Facility, No. 07 Civ. 327 (SJF), 2007 WL 1958914, at *2 (E.D.N.Y. June 29, 2007) ("Since the petition is facially defective for failing to set forth any [exhausted] grounds for relief, it is dismissed without prejudice.").

## IV. CONCLUSION

For the reasons set forth above, I conclude–and respectfully recommend that Your Honor should conclude–that the petition be **DISMISSED WITHOUT PREJUDICE**. Further, because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, I recommend that no certificate of appealability be issued. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk

14

of the Court with extra copies delivered to the chambers of the Honorable Cathy Seibel, at the Honorable Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.


Dated: January 10, 2013
       White Plains, New York

Respectfully Submitted,

Paul E. Davison
United States Magistrate Judge


A copy of the foregoing Report and Recommendation has been sent to the following:

   The Honorable Cathy Seibel
   The Honorable Charles L. Brieant Jr. Federal Building and United States Courthouse
   300 Quarropas Street
   White Plains, New York 10601

   Eric M. Creizman, Esq.
   Creizman PLLC
   565 Fifth Avenue, 7th Floor
   New York, New York 10012

   Rafael M. Pantoja (formerly *pro se*)
   DIN # 08A1898
   Greene Correctional Facility
   PO Box 975
   Coxsackie, New York 12051-0975

John James Sergi, Esq.
Office of the Westchester County District Attorney
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, New York 10601