UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RAFAEL PANTOJA,

                                          11-CV-9709 (CS) (PED)

                         Petitioner,

            - against -                           **ORDER ADOPTING REPORT AND RECOMMENDATION**

NEW YORK STATE DIVISION AND BOARD
OF PAROLE,

                       Respondent.
------------------------------------------------------------------------x

Seibel, J.

       Before the Court are Petitioner Rafael Pantoja's Objection, (Doc. 69), to the Report and Recommendation ("R&R") of United States Magistrate Judge Paul E. Davison, dated January 10, 2013, (Doc. 68), recommending dismissal of Petitioner's Amended Petition pursuant to 28 U.S.C. § 2254, (Doc. 40). Familiarity with the prior proceedings, the R&R, and the issues presented is presumed.

I.      Standard of Review

       A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge

may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)[1]; *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527, 2008 WL 4410131, at *2, 24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v.*

---

[1] Copies of all unreported opinions cited in this Memorandum Decision and Order will be provided to Petitioner.

*Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

II.     Discussion

I will review the R&R *de novo* in light of Petitioner's Objection.  I concur with Judge Davison that the claims in the Amended Petition – which are all variations on the theme that the District Attorney hid the fact that Banco Popular was the subject of criminal charges relating to its banking activity – have not been exhausted.

Petitioner argues in his Objection that the claims regarding Banco Popular's criminal case were raised in a document sent to the Appellate Division and in his application for leave to appeal to the Court of Appeals.  The record indeed contains a letter to the Appellate Division, dated August 30, 2011, that refers to the criminal charges.  (*See* Doc. 51-9.)  This letter, however, came after the Appellate Division had already denied Petitioner's motion under New York Criminal Procedure Law ("CPL") § 440.  A claim raised for the first time only in a reply brief to the Appellate Division is not properly presented to the state courts for exhaustion purposes, *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000), so by definition a claim raised for the first time after the disposition of the appeal cannot be said to have properly presented the claim.  Likewise, the record includes correspondence to the Court of Appeals that refers to the criminal charges, (*see* Doc. 51-9), but presenting a claim for the first time to a state court of discretionary review, such as the New York Court of Appeals, is insufficient to exhaust the claim unless the Court considers it.  *Id.*  Because the Court of Appeals did not consider it, the claim regarding Banco Popular's criminal conviction was not exhausted by the correspondence.

Petitioner further argues that he may not present new evidence by way of a CPL § 440.10 motion, so the claim should be deemed exhausted.  While he may be correct that he may not

move pursuant to CPL § 440.10(1)(g), there are other subsections of CPL § 440.10 under which he may move.

The remaining arguments in the Objection do not relate to the exhaustion ground on which Magistrate Judge Davision based his recommendation, and I will therefore not discuss them, except to say that I have considered them and they do not change my view that the Amended Petition must be dismissed without prejudice as unexhausted.

## Conclusion

I adopt the R&R as the decision of the Court. The Petition is dismissed without prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: March 8, 2013
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.